2 6cr 136 PAM

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. File No. |
| | ) | |
| Plaintiff, | ) | **INFORMATION** |
| | ) | |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | |
| PAUL JOSEPH KROES, | ) | |
| | ) | |
| Defendant. | ) | |

**RECEIVED**

AUG 03 2026

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

THE UNITED STATES ATTORNEY CHARGES THAT:

**Introduction**

1.      At times relevant to this Information:

a.      Victim Company A is a retailer of transport temperature control systems for refrigerated trucks and containers located in Bloomington, Minnesota.

b.      From in or about July 2007 to in or about March 2025, the Defendant, PAUL JOSEPH KROES, was employed at Victim Company A, most recently as a Product Manager.

2.      From in or about November 2019 through in or about March 2025, in the State and District of Minnesota, and elsewhere, the defendant,

**PAUL JOSEPH KROES**,

did knowingly devise and participate in a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

3.      KROES had several different roles throughout his tenure spanning a variety of responsibilities.  KROES' last role was as a Product Manager. It was part

SCANNED

AUG 03 2026

U.S. DISTRICT COURT MPLS

United States v. Paul Joseph Kroes

of the scheme to defraud that KROES abused his position as a Product Manager to sell Victim Company A products to third-party buyers and misappropriate the proceeds for his own personal use and benefit.

4.    It was a further part of the scheme that KROES arranged to sell Victim Company A products through direct messages with buyers (who were not pre-existing Victim Company A customers) on social messaging applications such as WhatsApp. However, sales of Victim Company A products were not part of KROES' job responsibilities, and he did not have authority to engage in sales on behalf of the company. Once KROES arranged to sell a particular product to a buyer, he either pulled the products himself or directed a Victim Company A employee to pull the products and assemble the order.

5.    In some instances, KROES fraudulently redesignated the parts as "No Charge Orders" on Victim Company A's recordkeeping system to disguise the missing items from Victim Company A's inventory.  The "No Charge Order" designation was ordinarily used for instances where Victim Company A needed to correct or replace orders sold to Victim Company A's own customers, so the customer would not be charged for the second order. Victim Company A did not give KROES authorization to sell its products to buyers and designate them as No Charge Orders.

6.    It was a further part of the scheme that KROES would direct Victim Company A's mailroom employees to mail the Victim Company A products he had misappropriated to a customer address he provided. In many instances, KROES paid for the embezzled products to be mailed to his buyers through Victim Company A's

2

United States v. Paul Joseph Kroes

business shipping services.  In other instances, he had the parts shipped at the company's expense.  In doing so, KROES misled Victim Company A's employees to believe that they were pulling and shipping legitimately purchased products.

7.   KROES sold stolen Victim Company A products to customers in the United States and overseas.  Buyers of the embezzled products paid KROES directly, through payments to bank accounts that he controlled.  KROES had no authority to sell Victim Company A products or receive payments on behalf.  Despite selling millions of dollars' worth of Victim Company A products that he had misappropriated, he did not remit or report those payments to Victim Company A.

8.   In all, KROES knowingly and willfully embezzled approximately $4,000,689 from Victim Company A through this scheme between in or about November 2019 and in and about March 2025.

## COUNT 1
### (Wire Fraud)

9.   Paragraphs 1-8 are realleged as if fully incorporated.

10.   On or about April 28, 2022, in the State and District of Minnesota and elsewhere, the defendant,

**PAUL JOSEPH KROES,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly and willfully caused to be transmitted by means of a wire communication, certain writings, signs, signals, and sounds, that is, a wire transfer of $9,350 from a buyer of an embezzled Victim Company A product to his

3

United States v. Paul Joseph Kroes

personal US Bank account based in Minnesota, that passed through servers outside the State of Minnesota, all in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

As the result of the offense alleged in Count 1 of this Information, the defendant,

## PAUL JOSEPH KROES,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1343. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c).

Dated: August 3, 2026

BY: DANIEL N. ROSEN
United States Attorney

*/s/ Austin L. Bowyer*

BY: Austin L. Bowyer
Assistant United States Attorney
600 U.S. Courthouse
300 S. 4th Street
Minneapolis, MN 55415
Attorney Reg: 396839
Austin.bowyer2@usdoj.gov
612-664-5600

4